Appeal by the employer and carrier from an award of death benefits in a “ heart ease ”. Decedent had been a dock builder and accustomed to heavy work for 15 years. Shortly after he arrived for work on May 24, 1954, he began operating a hand gasoline pump to transfer gasoline from a drum to a tank on a welding machine. After he had used the pump for about five minutes he collapsed, and was pronounced dead on arrival at a hospital. Decedent had suffered from advanced coronary arteriosclerosis for many years. It is undisputed that he died of arteriosclerosis. We do not think there is substantial evidence to sustain a finding that decedent’s death was “ Due to unusual extra exertion, effort and strain.” The description of the hand pump and the method of its operation is meager. It does not appear how much gasoline decedent had pumped or how much effort was required to operate the pump. From this record it does not appear that decedent was subjected to any more effort “ than the ordinary wear and tear of life”. (Matter of Burris v. Lewis, 2 N Y 2d 323, 326.) Claimant’s doctor, in testifying to causal relationship, assumed the pumping required “considerable effort,” yet he did not know how much effort was required. The record presented lacks substantial evidence that decedent’s death was causally related to an industrial accident. (Matter of Burris v. Lewis, supra; Matter of Hanafan v. P. Callahan, Inc., 3 A D 2d 786.) Award reversed and matter remitted to the Workmen’s Compensation Board, with costs to appellants against the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.